KANSAS GAS & ELECTRIC CO. v. CITY OF CHERRYVALE et al.

(Circuit Court of Appeals, Eighth Circuit.    March 1, 1915.)

No. 4104.

ELECTRICITY ☞4—WATERS AND WATER COURSES ☞188—REGULATION—UTILITIES COMMISSION.

Under the Public Utilities Act Kan. (Laws 1911, c. 238) § 3, providing that the power and authority to control public utilities and common carriers situated and operated wholly or principally within any city, or principally operated for the benefit of the people of the city, shall be vested exclusively in such city, section 31, providing that no common carrier or public utility governed by the provisions of the act shall transact business in the state until it shall have obtained a certificate from the Public Utilities Commission, and section 33, empowering municipal councils or commissions to contract with any public utilities situated and operated wholly or principally within any city, or operated principally for the benefit of it or its people, a utility company, supplying water and light exclusively to a city, need not obtain a certificate from the Public Utilities Commission, and its contract with the city cannot be attacked for its failure to obtain such certificate.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 1; Dec. Dig. ☞4; Waters and Water Courses, Cent. Dig. §§ 287, 288; Dec. Dig. ☞188.]

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit in equity by the Kansas Gas & Electric Company against the City of Cherryvale and others, to restrain the city from canceling a

contract with complainant, and also to restrain it from entering into a contract with the other defendants. From a decree restraining only the cancellation of the contract, complainant appeals. Affirmed.

H. L. McCune, of Kansas City, Mo. (McCune, Harding, Brown & Murphy, of Kansas City, Mo., on the brief), for appellant.

John J. Jones, of Chanute, Kan. (W. E. Ziegler, of Coffeyville, Kan., on the brief), for appellees.

Before SANBORN, ADAMS, and SMITH, Circuit Judges.

ADAMS, Circuit Judge. This was a suit in equity, brought by the appellant, the Kansas Gas & Electric Company against the city of Cherryvale, a municipal corporation of the state of Kansas, its officers, and D. H. Siggins and Sam Q. Smith, to enjoin the city from canceling a certain contract theretofore entered into by the city with appellants' assignor, the Cherryvale Electric Light & Power Company, for pumping water and furnishing electric light to the city and its inhabitants, and also to enjoin the city and Siggins and Smith from entering into or performing any like pumping or lighting contract. Answers were duly filed by defendants, and the trial court heard the case on the pleadings, which consisted of the bill and answers, and certain agreed facts, and rendered a decree enjoining the city from canceling the contract made with appellants' assignor as prayed for by appellant, and dismissing the bill as to the appellees Siggins and Smith. The city prosecutes no appeal from the decree against it, but the electric company prosecutes an appeal from the decree dismissing the bill as to Siggins and Smith.

These questions only are presented for our consideration: (1) May Siggins and Smith enter into and perform a pumping and lighting contract with the city of Cherryvale, and in so doing transact business as a public utility in that city, without first having secured a certificate from the Public Utilities Commission of the state permitting it to do so? (2) Has appellant a standing in court to question the right of Siggins and Smith to do business without a certificate?

The appellant does not claim that it, by virtue of its contract with the city of Cherryvale, has any exclusive right to perform the work contracted for; but its contention is that, having obtained a certificate from the Public Utilities Commission of the state permitting it to do business as a public utility in the city of Cherryvale, and having equipped itself, at great expense, for the performance of that work, the city cannot enter into a contract with Siggins and Smith, who have not secured the permission or certificate of the Public Utilities Commission of the state authorizing them to do work as a public utility, and that under such circumstances plaintiff is entitled to the protection of a court of equity against competition from persons doing business, or attempting to do business, without the permission of the Public Utilities Commission of the state.

The first and controlling question is whether, under the laws of Kansas, Siggins and Smith were required to secure the certificate from the Public Utilities Commission of that state. Section 1 of the

Public Utilities Law of the state of Kansas (chapter 238, Laws Kan. 1911) reads as follows:

"The Board of Railroad Commissioners of the state of Kansas is hereby constituted and created a Public Utilities Commission for the state of Kansas, and such Commission is given full power, authority and jurisdiction to supervise and control the public utilities and all common carriers, as hereinafter defined, doing business in the state of Kansas, and is empowered to do all things necessary and convenient for the exercise of such power, authority and jurisdiction."

Section 3 of that act provides that the term "public utility," as used in this act—

"shall be construed to mean every corporation, company, individual, association of persons, * * * that * * * control, operate or manage * * * any equipment, plant," or "generating machinery * * * for the production, transmission, delivery or furnishing of heat, light, water or power. * * * The power and authority to control and regulate all public utilities and common carriers situated and operated wholly or principally within any city or principally operated for the benefit of such city or its people, shall be vested exclusively in such city, subject only to the right to apply for relief to said Public Utilities Commission as hereinafter provided in section 33 of this act."

Section 31 of the act is as follows:

"No common carrier or public utility governed by the provisions of this act shall transact business in the state of Kansas until it shall have obtained a certificate from the Public Utilities Commission that public convenience will be promoted by the transaction of said business and permitting said applicants to transact the business of a common carrier or public utility in this state."

Section 33 of the act is as follows:

"Every municipal council or commission shall have the power and authority, subject to any law in force at the time, to contract with any public utility or common carrier, situated and operated wholly or principally within any city or principally operated for the benefit of such city or its people, by ordinance or resolution duly considered and regularly adopted. * * *"

This section (33) empowers the Public Utilities Commission of the state to review in certain specified particulars and in a certain specified manner the reasonableness of privileges and franchises granted by municipalities to public utilities for certain purposes, but this power to review does not in any way modify or affect the power to control and regulate public utilities operated wholly or principally within a city, vested by section 3 exclusively in such city, or the power conferred upon municipal councils by section 33 just adverted to.

Appellant's counsel contend that Siggins and Smith, being a public utility, as is conceded, were governed by the provisions of section 31, and could not transact business in the state of Kansas until they had obtained a certificate from the Public Utilities Commission of the state as required by that section. It appears as an uncontradicted fact in this case that the business in which Siggins and Smith proposed to engage—

"is situated and located wholly within the city of Cherryvale, Montgomery county, Kan., and such proposed business is and will be conducted solely and entirely for the exclusive benefit, use, and advantage of the inhabitants of the city of Cherryvale, and not for the use, benefit, or advantage of any other municipality, corporation, firm, or person whatsoever."

The question is whether, in view of this conceded fact, Siggins and Smith were required to obtain the certificate of the Public Utilities Commission of the state before engaging in their contemplated business.

Inasmuch as it appears that only such public utilities as "are governed by the provisions of the act" were required to obtain such certificate, and inasmuch as it appears that Siggins and Smith, in so far as their contemplated business in the city of Cherryvale is concerned, were not governed by the provisions of the act, but were subject to the exclusive control and regulation of that city, it necessarily follows that they were under no obligation to secure a certificate of authority to do business in that city from the Public Utilities Commission of the state. State ex rel. Marshall v. Wyandotte County Gas Co., 88 Kan. 165, 127 Pac. 639.

In view of our conclusion on this question, the second one argued by counsel need not be considered.

The decree below is affirmed.